IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEYON SANTE HARDY,

    Plaintiff,

v.                                          Civil Action No. 3:14CV297

DR. TEKLU,

    Defendant.

**MEMORANDUM OPINION**

Keyon Sante Hardy, a former Virginia inmate filed this 42 U.S.C. § 1983 action.[1] At the time he initiated this action, Hardy was proceeding pro se. Dr. Teklu moved to dismiss the action.[2] Thereafter, Hardy retained counsel who filed a Motion to Amend and a Proposed Amended Complaint. (ECF No. 36, 37-1.) For the reasons that follow, the Motion to Amend (ECF No. 36)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] On December 30, 2014, Hardy moved for leave to amend to correct the spelling of Defendant's name. Hardy's Motion to Amend (ECF No. 26) will be granted and the Clerk is directed to correct the spelling of Dr. Teklu's name on the docket.

will be granted and the Motion to Dismiss (ECF No. 18) will be denied.

## I. PROCEDURAL HISTORY

On September 19, 2014, the Court filed Hardy's Amended Complaint. (ECF No. 14.) By Memorandum Order entered that same day, the Court dismissed Hardy's claims against all defendants except Dr. Teklu. On October 2, 2014, Dr. Teklu filed his Motion to Dismiss.

### A. Hardy's Pro Se Submissions

On December 30, 2014, Hardy moved to supplement the record to include his medical record and moved for an evidentiary hearing.

### B. Hardy's Represented Submission

On March 25, 2015, counsel appeared on Hardy's behalf, moved to amend the complaint, and submitted a proposed amended complaint.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) provides, in pertinent part:

> (a) Amendments Before Trial.
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service

2

>    of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). As Hardy already has filed one Amended Complaint, his motion is governed by Rule 15(a)(2), which requires that leave to amend should be freely given. Under this standard, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." <u>Laber v. Harvey</u>, 438 F.3d 404, 426-27 (4th Cir. 2006) (citations omitted) (internal quotation marks omitted). Neither Dr. Teklu nor the record suggests any of the above circumstances are present here.[3] Accordingly, Hardy's Motion to Amend (ECF No. 36) will be granted. The Amended Complaint (ECF No. 37-1) will supplant the prior complaints.

Dr. Teklu's Motion to Dismiss (ECF No. 18) the prior complaint will be denied without prejudice. Furthermore, as no need currently exists for an evidentiary hearing or to supplement the record with Hardy's medical records, Hardy's Motion for an Evidentiary Hearing (ECF No. 28) and Motion to

---

[3] Dr. Teklu does not oppose the Motion to Amend.

3

Supplement the Record (ECF No. 27) will be denied without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 17, 2015